Michele Molinario, Bar #020594
Derek R. Graffious, Bar #033486
Melynda M. Meyrick, Bar #039695
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1746
Fax: (602) 200-7831
mmolinario@jshfirm.com
dgraffious@jshfirm.com
mmeyrick@jshfirm.com

Attorneys for Defendants
City of Yuma, and James Baisch

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lucas Mullikin,<br><br>Plaintiff,<br><br>v.<br><br>City of Yuma; James Baisch, in his personal capacity,<br><br>Defendants. | No. 2:25-cv-00637-ROS-JZB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants City of Yuma, and James Baisch ("Defendants"), by and through counsel undersigned, for their Answer to Plaintiff's Complaint, admit, deny and allege as follow:

Defendants deny each and every, all and singular, of the allegations contained in Plaintiff's Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pled to.

A jury trial is requested.

## INTRODUCTION

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants submit that Paragraph 1 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint.

2. In answering Paragraph 2 of Plaintiff’s Complaint, Defendants admit that Plaintiff sought to record Yuma Police Department officers on May 16, 2023, as an officer was lawfully detaining an individual. Defendants further admit that Officer Baisch gave Plaintiff a lawful order to stay on the ground, Plaintiff disobeyed this lawful order, and subsequently resisted arrest. As a result, Plaintiff was cited and released. Defendants assert that Officer Baisch’s actions were reasonable, lawful, and did not violate any of Plaintiff’s constitutional rights. As to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

3. In answering Paragraph 3 of Plaintiff’s Complaint, Defendants deny the allegations contained therein.

4. In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Plaintiff’s lawsuit seeks compensatory and punitive damages, and injunctive relief. Defendants deny the remaining allegations.

**JURISDICTION AND VENUE**

5. In answering Paragraph 5 of Plaintiff’s Complaint, Defendants admit only that jurisdiction is proper in this Court.

6. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit only that venue is proper in this Court.

**PARTIES**

7. In answering Paragraph 7 of Plaintiff’s Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

8. In answering Paragraph 8 of Plaintiff’s Complaint, Defendants admit that the City of Yuma is a municipal corporation under Arizona law and may, in certain circumstances, be legally responsible for the actions of the Yuma Police Department. Defendants further admit that the Yuma Police Department is an agency of the City of Yuma.

9. In answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Officer Baisch is a certified police officer employed by the City of Yuma and is an adult resident of Arizona.

## FACTUAL ALLEGATIONS

10. In answering Paragraphs 10-15 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

11. In answering Paragraph 16 of Plaintiff's Complaint, Defendants admit that on May 16, 2023 Plaintiff approached Yuma Police Officer Kinnell as he was lawfully detaining a civilian who was suspected of trespassing.

12. In answering Paragraph 17 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

13. In answering Paragraph 18 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to know what Plaintiff "realized." Defendants assert that John Doe was resisting and fighting against Officer Kinnell as Officer Kinnell tried to lawfully detain him.

14. In answering Paragraph 19 of Plaintiff's Complaint, Defendants admit that John Doe alleged that he did not understand why he was being detained and accused Officer Kinnell of abducting him despite Officer Kinnell's repeated explanations to John Doe as to why he was being detained.

15. In answering Paragraph 20 of Plaintiff's Complaint, Defendants admit that Plaintiff began recording Officer Kinnell with his phone. Defendants deny that Plaintiff was standing "several feet away." Defendants assert that Plaintiff was within a distance to Officer Kinnell as to impede his detainment of John Doe and that Officer Kinnell asked Plaintiff to back up multiple times.

16. In answering Paragraph 21 of Plaintiff's Complaint, Defendants admit that Plaintiff asked Officer Kinnell, "Why do you need to detain someone by wrestling them to the ground?" after John Doe claimed that Officer Kinnell "jumped" him.

17. In answering Paragraph 22 of Plaintiff's Complaint, Defendants admit the allegations contained therein. Defendants assert that John Doe failed to comply with Officer Kinnell's lawful command to stop and then subsequently resisted arrest.

18. In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that Plaintiff asked Officer Kinnell, "What are you arresting him for?" to which Officer Kinnell replied, "He's not under arrest, he's detained." Plaintiff then asked, "Why are you tackling him and detaining him?"

19. In answering Paragraphs 24-28 of Plaintiff's Complaint, Defendants admit the allegations contained therein as Plaintiff appears to be accurately quoting from the incident that was captured on body worn camera. Defendants assert that this incident was fast moving and included several people on scene, and thus, the quoted statements may not be exact or in sequential order. Defendants assert that while Officer Kinnell was in the process of dealing with a noncompliant individual suspected of trespass, Plaintiff badgered Officer Kinnell with a flurry of questions to which Officer Kinnell responded. Defendants further assert that Plaintiff asked whether Officer Kinnell suspected John Doe of committing a crime to which Officer Kinnell responded that he did.

20. In answering Paragraph 29 of Plaintiff's Complaint, Defendants admit that John Doe resisted Officer Kinnell as he tried to walk John Doe towards his police vehicle. As Officer Kinnell was struggling with John Doe, Plaintiff became increasingly close to Officer Kinnell and within arm's reach. Officer Kinnell then raised his voice and told Plaintiff, "You need to back up right now! Go over to the corner or I'm done with you. I'll talk to you in a sec. Go." Plaintiff took approximately four steps in the opposite direction of the corner and then said to Officer Kinnell, "You can. I'll be right here waiting for you. Six feet is the law, officer." Defendants assert that after Plaintiff took four large steps away from Officer Kinnell that he was then approximately six feet away Officer

Kinnelll then told John Doe, “Get over here” as he continued to struggle and pull away from Officer Kinnell.

21. In answering Paragraph 30 of Plaintiff’s Complaint, Defendants admit that the reporting party who called Yuma Police because John Doe was trespassing on his property was also observing Officer Kinnell and John Doe. The reporting party held a flashlight and appeared to be attempting to assist Officer Kinnell as it was dark, and Officer Kinnell did not have any backup present. Defendants deny the remaining allegations.

22. In answering Paragraph 31 of Plaintiff’s Complaint, Defendant deny the allegations contained therein. Defendants assert that when Officer Kinnell directed Plaintiff to go to the corner, Plaintiff took approximately four steps in the opposite direction of the corner. Plaintiff then followed Officer Kinnell at a close distance as John Doe continued to resist Officer Kinnell’s attempts to walk him to his police vehicle.

23. In answering Paragraph 32 of Plaintiff’s Complaint, Defendants deny the allegations contained therein. Defendants assert that Officer Kinnell walked John Doe to the corner while John Doe continued to resist and pull against Officer Kinnell.

24. In answering Paragraph 33 of Plaintiff’s Complaint, Defendants deny the allegations contained therein. Defendants assert that Plaintiff moved in front of Officer Kinnell and continued to record him at a close distance that interfered with Officer Kinnell’s actions.

25. In answering Paragraph 34 of Plaintiff’s Complaint, Defendants admit the allegations contained therein.

26. In answering Paragraph 35 of Plaintiff's Complaint, Defendants admit that Officer Kinnell told the female with Plaintiff, who was on Officer Kinnell’s right, and Plaintiff, who was on Officer Kinnell’s left, both to back up.

27. In answering Paragraph 36 of Plaintiff’s Complaint, Defendants admit that Plaintiff said, “Six feet, six feet” while continuing to record Officer Kinnell. Defendants deny the remaining allegations.

28. In answering Paragraphs 37-40 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

29. In answering Paragraph 41 of Plaintiff's Complaint, Defendants admit that John Doe said, "Well figure it out now before you arrest me and take me to an undisclosed location and then fucking take me apart!"

30. In answering Paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

31. In answering Paragraph 43 of Plaintiff's Complaint, Defendants admit that another officer alleged that he would employ a pressure point technique to get John Doe to release his legs from the fence because he was not complying. The officer explained to John Doe what he was doing when he was doing it.

32. In answering Paragraph 44 of Plaintiff's Complaint, Defendants admit that the allegations contained therein.

33. In answering Paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert that there were other civilians, such as Plaintiff's alleged girlfriend, who were also recording the scene.

34. In answering Paragraph 46 of Plaintiff's Complaint, Defendants deny that Officer Baisch immediately walked up to Plaintiff but instead walked up to assess the scene. Officer Baisch noticed that Plaintiff was within a couple of feet from the scene and ordered him to get back so that he could assist without putting himself at a disadvantage to Plaintiff.

35. In answering Paragraph 47 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

36. In answering Paragraphs 48-50 of Plaintiff's Complaint, Defendants admit that after Plaintiff refused to comply with two lawful orders to back up that Officer Baisch went hands on to escort Plaintiff away from the scene so that he could safely assist the other officers. Defendants assert that while being escorted backwards Plaintiff braced his legs and grabbed onto the iron fence to preclude Officer Baisch from escorting him

away from the scene. Because Plaintiff forcefully resisted Officer Baisch's efforts, Officer Baisch simultaneously directed Plaintiff to the ground said to "get on the ground." Defendants assert that Officer Baisch used a reasonable amount of force on Plaintiff after Plaintiff resisted Officer Baisch's attempt to move Plaintiff back from the scene.

37. In answering Paragraph 51 of Plaintiff's Complaint, Defendants admit the allegations contained therein. Defendants assert Plaintiff resisted Officer Baisch's attempt to move him back from the scene after Plaintiff failed to comply with Officer Baisch's lawful orders to move back.

38. In answering Paragraph 52 of Plaintiff's Complaint, Defendants admit only that Officer Baisch used a reasonable amount of force on Plaintiff after Plaintiff resisted Officer Baisch's attempt to move Plaintiff back from the scene after Plaintiff failed to comply with Officer Baisch's lawful order to move back. Defendants deny that Plaintiff was "flat on his back" as his head never made contact with the ground.

39. In answering Paragraph 53 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

40. In answering Paragraph 54 of Plaintiff's Complaint, Defendants deny that Plaintiff was too far to record John Doe's arrest as he was only a few sidewalk panels away from the scene. As to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

41. In answering Paragraph 55 of Plaintiff's Complaint, Defendants denies the allegations. Defendants assert that Plaintiff stood back up and started walking towards the scene after Officer Baisch gave him a lawful order to stay back and on the ground before asking for Officer Baisch's badge number.

42. In answering Paragraph 56 of Plaintiff's Complaint, Defendants admit the allegations contained therein. Defendants assert that Plaintiff stood back up and started walking towards the scene after Officer Baisch gave him a lawful order to stay back and on the ground.

43. In answering Paragraphs 57-58 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

44. In answering Paragraph 59 of Plaintiff's Complaint, Defendants admit that Officer Baisch grabbed Plaintiff's left arm in an attempt to arrest him. Defendants assert that Plaintiff began resisting arrest by not allowing Officer Baisch to put his hands behind his back. Defendants deny that Officer Baisch tried to grab Plaintiff's phone out of his hand.

45. In answering Paragraph 60 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

46. In answering Paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert that Officer Baisch used reasonable force to bring Plaintiff to the ground. Defendants further assert that Plaintiff began resisting arrest and Officer Baisch's attempts to put his hands behind his back, even after Officer Baisch repeatedly told him, "Put your hands behind your back." Defendants are without sufficient knowledge or information to admit or deny the allegations relating to Plaintiff's alleged fear, and therefore, deny the same.

47. In answering Paragraphs 62-63 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

48. In answering Paragraph 64 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

49. In answering Paragraph 65 of Plaintiff's Complaint, Defendants admit the allegations contained therein. Defendants assert that Officer Baisch used a reasonable amount of force to counter the force Plaintiff used to resist arrest and still needed the assistance of another officer to place Plaintiff in handcuffs. Defendants further assert that Plaintiff resisted arrest for approximately 39 seconds before complying and allowing officers to place him in handcuffs.

50. In answering Paragraph 66 of Plaintiff's Complaint, Defendants deny the same.

51. In answering Paragraph 67 of Plaintiff's Complaint, Defendants admit the allegations contained therein. However, to the extent that Plaintiff contends that the allegations contained in Paragraph 67 purport to allege a viable cause of action against Defendants, Defendants deny the same.

52. In answering Paragraphs 68-69 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

53. In answering Paragraph 70 of Plaintiff's Complaint, Defendants admit the allegations contained therein. However, to the extent that Plaintiff contends that the allegations contained in Paragraph 70 purport to allege a viable cause of action against Defendants, Defendants deny the same.

54. In answering Paragraph 71 of Plaintiff's Complaint, Defendants deny the same. Defendants assert that Officer Baisch and Sgt. Angulo two-man escorted Plaintiff up from the ground and towards the patrol vehicle.

55. In answering Paragraph 72 of Plaintiff's Complaint, Defendants admit the allegations contained therein. Defendants assert that Plaintiff resisted arrest for approximately 39 seconds before complying and allowing officers to place him in handcuffs.

56. In answering Paragraph 73 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

57. In answering Paragraph 74 of Plaintiff's Complaint, Defendants admit only that the City of Yuma has delegated authority over YPD's policies and practices to the Chief of Police.

58. In answering Paragraph 75 of Plaintiff's Complaint, Defendants admit only that Chief Garrity was interviewed by News 11 regarding the subject incident.

59. In answering Paragraph 76 of Plaintiff's Complaint, Defendants deny the same.

60. In answering Paragraph 77 of Plaintiff's Complaint, Defendants assert that Plaintiff inaccurately quoted Chief Garrity and therefore deny the allegations contained therein.

61. In answering Paragraph 78 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

62. In answering Paragraph 79 of Plaintiff's Complaint, Defendants deny the same.

63. In answering Paragraph 80 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefor, deny the same.

64. In answering Paragraph 81 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

65. In answering Paragraph 82 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations relating to Plaintiff's purported "fear for his safety," and therefore, deny the same. Defendants assert that all actions were lawful, reasonable, and non-retaliatory.

## CLAIM ONE

### Violation of the First and Fourteenth Amendments of United States Constitution under 42 U.S.C. § 1983 (Interference with speech and news gathering) (Against Defendant James Baisch in his personal capacity)

66. In answering Paragraph 83 of Plaintiff's Complaint, Defendants reallege and incorporate their responses to the paragraphs set forth above as if fully incorporated herein.

67. In answering Paragraph 84 of Plaintiff's Complaint and corresponding footnote 1, Defendants submit that Paragraph 84 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint.

68. In answering Paragraph 85 of Plaintiff's Complaint, Defendants admit that recording police officers is permissible and, in itself, is not a violation of law and is

protected under the First Amendment. However, Defendants assert that police officers are lawfully allowed to limit where and how civilians record police activity to ensure that they are able to execute their duties safely and without interference. To the extent that Plaintiff contends that the allegations contained in Paragraph 85 purport to allege a viable cause of action against Defendants, Defendants deny the same.

69. In answering Paragraph 86 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert Plaintiff was within a foot or two of Officer Kinnell and John Doe while recording, despite Officer Kinnell, and then Officer Baisch, repeatedly telling Plaintiff to back up. Defendants further assert that Plaintiff's actions interfered with their duties.

70. In answering Paragraph 87 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny what Plaintiff sought to do by saying, "six feet," and therefore deny the allegations contained within Paragraph 87.

71. In answering Paragraphs 88-89 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

72. In answering Paragraph 90 of Plaintiff's Complaint, Defendants admit that asking for a police officer's badge number is permissible and, in itself, is not a violation of law and is a legitimate activity. However, to the extent that Plaintiff contends that the allegations contained in Paragraph 90 purport to allege a viable cause of action against Defendants, Defendants deny the same.

73. In answering Paragraph 91 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

74. In answering Paragraph 92 of Plaintiff's Complaint, Defendants assert it is not clear what "question" this paragraph is referring to, and as such, Defendants deny the allegations contained therein.

75. In answering Paragraphs 93-95 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

76. In answering Paragraph 96 of Plaintiff's Complaint, Defendants admit the allegations contained therein. However, to the extent that Plaintiff contends that the allegations contained in Paragraph 96 purport to allege a viable cause of action against Defendants, Defendants deny the same.

77. In answering Paragraph 97 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM TWO**

**Violation of the First and Fourteenth Amendments of United States Constitution under 42 U.S.C. § 1983 (Retaliation) (Against Defendant James Baisch in his personal capacity)**

78. In answering Paragraph 98 of Plaintiff's Complaint, Defendants reallege and incorporate their responses to the paragraphs set forth above as if fully incorporated herein.

79. In answering Paragraph 99 of Plaintiff's Complaint, Defendants submit that Paragraph 99 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint, and therefore, deny the same.

80. In answering Paragraph 100 of Plaintiff's Complaint, Defendants submit that Paragraph 100 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint, and therefore, deny the same.

81. In answering Paragraph 101 of Plaintiff's Complaint, Defendants admit that recording police officers is permissible and, in itself, is not a violation of law and is a legitimate activity. However, Defendants assert that police officers are lawfully allowed to limit where and how civilians record police activity to ensure that they are able to execute their duties safely and without interference.

82. In answering Paragraph 102 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

83. In answering Paragraph 103 of Plaintiff's Complaint, Defendants admit that asking for a police officer's badge number is permissible and, in itself, is not a violation of law and is a legitimate activity. However, to the extent that Plaintiff contends that the allegations contained in Paragraph 103 purport to allege a viable cause of action against Defendants, Defendants deny the same.

84. In answering Paragraph 104 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert that Officer Baisch had probable cause to arrest Plaintiff and used a reasonable amount of force to do so.

85. In answering Paragraphs 105-106 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

86. In answering Paragraph 107 of Plaintiff's Complaint, Defendants deny the allegations therein and reassert their answers to Paragraphs 47-71 above.

87. In answering Paragraphs 108-109 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

88. In answering Paragraphs 110-111 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert Plaintiff was within a foot or two of Officer Kinnell and John Doe while recording, despite Officer Kinnell, and then Officer Baisch, repeatedly telling Plaintiff to back up. Defendants further assert that Plaintiff's actions interfered with their duties.

89. In answering Paragraph 112 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny what Plaintiff sought to do by saying, "six feet," and therefore deny the allegations contained within Paragraph 112.

90. In answering Paragraph 113 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

91. In answering Paragraph 114 of Plaintiff's Complaint, Defendants admit that Plaintiff was charged with violating A.R.S. § 13-2508 by resisting arrest and Yuma City Code § 11-04 for failing to comply with a lawful order by a police officer.

92. In answering Paragraphs 115-120 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

93. In answering Paragraph 121 of Plaintiff's Complaint, Defendants admit the allegations contained therein. However, to the extent that Plaintiff contends that the allegations contained in Paragraph 121 purport to allege a viable cause of action against Defendants, Defendants deny the same.

94. In answering Paragraph 122 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**CLAIM THREE**

**Violation of the First and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 (Liability under *Monell* doctrine) (Against Defendant City of Yuma)**

95. In answering Paragraph 123 of Plaintiff's Complaint, Defendants reallege and incorporate their responses to the paragraphs set forth above as if fully incorporated herein.

96. In answering Paragraph 124 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert that Officer Baisch did not violate any of Plaintiff's constitutional rights.

97. In answering Paragraph 125 of Plaintiff's Complaint, Defendants admit that the City has delegated final decision-making authority to Chief Thomas Garrity for the formulating and implementing practices and procedures for City of Yuma police officers. Defendants assert that Arizona law enforcement officers are required to complete an AZPOST certified academy that provides the necessary training required to become a police officer. To the extent that Plaintiff contends the allegations contained in Paragraph 125 purport to assert a viable cause of action against Defendants, Defendants deny the same.

98. In answering Paragraphs 126-134 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

99. In answering Paragraph 135 of Plaintiff's Complaint, Defendants admit that Officer Baisch provided Plaintiff with a lawful order and Plaintiff failed to comply. As to the remaining allegations, Defendants deny the same.

100. In answering Paragraphs 136-137 of Plaintiff's Complaint, Defendants submit that these paragraphs contain no allegations against Defendants, and therefore no responses are required. To the extent responses are required, Defendants deny the allegations contained therein.

101. In answering Paragraphs 138-139 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## CLAIM FOUR

### Violation of the Fourth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 (Unlawful and excessive force) (Against Defendant James Baisch)

102. In answering Paragraph 140 of Plaintiff's Complaint, Defendants reallege and incorporate their responses to the above paragraphs as if fully incorporated herein.

103. In answering Paragraph 141 of Plaintiff's Complaint, Defendants submit that Paragraph 141 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint, but admit generally that the Fourth Amendment protects individuals' rights to be free from unreasonable searches and seizures. Defendants further assert that Plaintiff's Fourteenth Amendment claim is improper.

104. In answering Paragraphs 142-144 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

105. In answering Paragraph 145 of Plaintiff's Complaint, Defendants admit only that Officer Baisch used a reasonable amount of force to back Plaintiff away from the scene and bring him to the ground after Plaintiff failed to comply with Officer Baisch's lawful orders and subsequently resisted Officer Baisch as he tried to move Plaintiff back from the scene.

106. In answering Paragraph 146 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

107. In answering Paragraph 147 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert Officer Baisch used a reasonable amount of force to bring Plaintiff to the ground during his arrest. Defendants further assert Plaintiff resisted Officer Baisch's attempts to put his hands behind his back.

108. In answering Paragraphs 148-149 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

109. In answering Paragraph 150 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert Plaintiff resisted Officer Baisch as Officer Baisch attempted to move him back by pushing back with his feet and using his left hand to grab onto the fence. Plaintiff further placed his elbow into Officer Baisch to resist the efforts to move him backwards. Defendants further assert that after Officer Baisch gave Plaintiff a lawful order to "stay there," Plaintiff stood up and walked back towards Officer Baisch and the scene in direct noncompliance with Officer Baisch's lawful order.

110. In answering Paragraphs 151-525 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## CLAIM FIVE

### Violation of the Fourth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 (Unlawful Seizure) (Against Defendant James Baisch)

111. In answering Paragraph 153 of Plaintiff's Complaint, Defendants reallege and incorporated their answers to the above paragraphs as if fully incorporated herein.

112. In answering Paragraph 154 of Plaintiff's Complaint, Defendants submit that Paragraph 154 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint, but admit generally that the Fourth Amendment

protects individuals' rights to be free from unreasonable searches and seizures. Defendants further assert that Plaintiff's Fourteenth Amendment claim is improper.

113. In answering Paragraph 155 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

114. In answering Paragraph 156 of Plaintiff's Complaint, Defendants admit only that Officer Baisch lawfully seized Plaintiff on the night of the subject incident.

115. In answering Paragraph 157 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants assert that Plaintiff did not comply with Officer Baisch's lawful order and instead immediately stood back up and began walking towards Officer Baisch and the scene.

116. In answering Paragraphs 158-159 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## CLAIM SIX

### Violation of the Fourth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 (Wrongful Arrest) (Against Defendant James Baisch)

117. In answering Paragraph 160 of Plaintiff's Complaint, Defendants reallege and incorporate their answers to the above paragraphs as if fully incorporated herein.

118. In answering Paragraph 161 of Plaintiff's Complaint, Defendants submit that Paragraph 161 contains no allegations against Defendants and therefore no response is required. In addition, Defendants are not required to interpret federal or state law in answering Plaintiff's Complaint, but admit generally that the Fourth Amendment protects individuals' rights to be free from unreasonable searches and seizures. Defendants further assert that Plaintiff's Fourteenth Amendment claim is improper.

119. In answering Paragraph 162 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

120. In answering Paragraph 163 of Plaintiff's Complaint, Defendants admit only that Officer Baisch provided Plaintiff with a lawful order, which Plaintiff failed to obey. As to the remaining allegations, Defendants deny the same.

121. In answering Paragraphs 164-167 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

122. In answering Paragraph 168 of Plaintiff's Complaint, admit only that the fact Plaintiff recorded officers alone does not provide a basis for criminal activity. To the extent that Plaintiff contends the allegations contained in Paragraph 168 purport to allege a viable cause of action against Defendants, Defendants deny the same.

123. In answering Paragraph 169 of Plaintiff's Complaint, Defendants deny that Officer Baisch did not have authority to seize Plaintiff. Defendants assert that Plaintiff's failure to comply with Officer Baisch's lawful orders and subsequent resisting arrest were sufficient probable cause to arrest Plaintiff.

124. In answering Paragraphs 170-174 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## CLAIM SEVEN

### Violation of the Fourth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 (Liability under *Monell* Doctrine) (Against Defendant City of Yuma)

125. In answering Paragraph 175 of Plaintiff's Complaint, Defendants reallege and incorporate their answers from the above paragraphs as if fully incorporated herein.

126. In answering Paragraph 176 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

127. In answering Paragraph 177 of Plaintiff's Complaint, Defendants admit that the City has delegated final decision-making authority to Chief Thomas Garrity for the formulating and implementing practices and procedures for City of Yuma police officers. Defendants assert that Arizona law enforcement officers are required to complete an AZPOST certified academy that provides the necessary training required to become a

police officer. To the extent that Plaintiff contends the allegations contained in Paragraph 177 purport to allege a viable cause of action against Defendants, Defendants deny the same.

128. In answering Paragraphs 178-182 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

129. In answering Paragraph 183 of Plaintiff's Complaint, Defendants are without the sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

130. In answering Paragraph 184 of Plaintiff's Complaint, Defendants admit that Officer Baisch's order to Plaintiff to "stay there," was a lawful order, which Plaintiff failed to comply with. As to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within, and therefore deny the same.

131. In answering Paragraph 185 of Plaintiff's Complaint, Defendants submit that this paragraph contains no allegations against Defendants, and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

132. In answering Paragraphs 186-187 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

As and for an affirmative defense, and in the alternative, Defendants assert and allege the following:

1. Plaintiff's Complaint fails to state a claim, in whole or in part, as to some or all of the Defendants.

2. Plaintiff's Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels, conclusions, and threadbare recitals of the elements of cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal law as set forth in *Hunter v. Bryant,* 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

4. Punitive damages may not be awarded against a governmental entity or against individually named Defendants in their official capacity pursuant to *Smith v. Wade,* 461 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. District*, 940 F.2d 397 (9th Cir. 1991).

5. Defendants assert that Officer Baisch did not act with the requisite "evil motive" or "callous indifference" to warrant punitive damages under § 1983. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) (Conduct that is malicious, oppressive, or in reckless disregard of Plaintiff's rights warrants punitive damages).

6. The City of Yuma is not vicariously liable for the acts of its employees under any claim brought pursuant to 42 U.S.C. § 1983. *See Monell v. City of New York City Services,* 436 U.S. 658 (1978).

7. Defendants, at all times pertinent to Plaintiff's Complaint, acted reasonably and appropriately under the totality of circumstances.

8. In the alternative, Plaintiff may have failed to mitigate his damages, if any, thus barring or reducing any recovery against Defendants.

9. Defendants allege that no constitutional rights of Plaintiff were violated by Defendants.

10. Defendants did not act with deliberate indifference.

11. Defendants allege that Plaintiff cannot establish that Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution or federal law.

12. Defendant City of Yuma asserts that it did not have a policy, practice, or custom requiring its employees to violate the First Amendment rights of any person, nor

did Defendant City of Yuma have a policy, practice, or custom of endorsing such conduct by its employees.

13. Defendant City of Yuma asserts that it did not have a policy, practice, or custom requiring its employees to violate the Fourth Amendment rights of any person, nor did Defendant City of Yuma have a policy, practice, or custom of endorsing such conduct by its employees.

14. Defendants assert that a government employee's failure to exercise due care in the exercise of his duties is not sufficient to establish a violation of constitutional rights. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Buckeye v. Cty. of Los Angeles*, 968 F.2d 791 (9th Cir. 1992); *Tennison v. City and Cty. of San Francisco*, 570 F.3d 078 (9th Cir. 2009).

15. Defendants assert that there was probable cause for the arrest of Plaintiff, which is an absolute defense to Plaintiff's § 1983 wrongful arrest claim. *Peebles v. Yamhill Cty.*, 26 Fed.Appx. 643 (9th Cir. 2001).

16. Defendants assert that there is no causal connection between Plaintiff's alleged protected speech and his arrest. Plaintiff's alleged protected speech was not a substantial or motivating factor behind his arrest and was not retaliatory. *Nieves v. Bartlett,* 139 S. Ct. 1715 (2019).

17. Defendants assert that Officer Baisch's use of force use of force was justified and privileged under *Graham v. Connor*, 490, U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007).

18. Plaintiff's Fourteenth Amendment claims are duplicative of his First and Fourth Amendment claims, and thus, must be dismissed. *See, e.g., Mays v. Gillespie*, 2016 WL 3965191, at *2 (D. Nev. July 22, 2016); *Johnson v. City of Berkely*, 2016 WL 925058, at *7 (N.D. Cal. March 11, 2016). *See also Hamre v. City of Bothell*, 81 F.App'x 260, 262 (9th Cir. 2003) ("Because Hamre's claims are governed more closely by the Fourth Amendment principles than by due process, we affirm the dismissal of Hamre's

Fourteenth Amendment claim (citing *Galbraith v. City of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).

19. If Plaintiff was engaged in a constitutionally protected activity, that activity was not a substantial or motivating factor in Officer Baisch's conduct and there was no intention by Officer Baisch to chill speech.

20. Defendants allege that any time, place, and manner restrictions placed upon Plaintiff were constitutional and did not discriminate in the regulation of expression on the basis of Plaintiff's expression, if any.

21. Defendants assert that pursuant to Yuma City Code § 10-99(A), not complying with a lawful order from a police officer pursuant to Yuma City Code § 111-04, is a class 2 misdemeanor punishable by a fine not exceeding $750 or by imprisonment not to exceed five days, or both in the discretion of the court.

22. Defendants put Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. During the course of litigation, Defendants may discover facts which support one or more of the affirmative defenses set forth in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure, and to avoid waiving said defenses, Defendants hereby incorporate them by reference.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff takes nothing thereby, that Defendants be awarded their costs and attorneys' fees incurred herein, and for such other and further relief as this Court deems just in the premises.

DATED this 15th day of April, 2025.

JONES, SKELTON & HOCHULI, P.L.C.

By */s/ Derek R. Graffious*

Michele Molinario
Derek R. Graffious
Melynda M. Meyrick
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants
City of Yuma, and James Baisch

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Gregg P. Leslie, Esq.*
Aaron A. Baumann, Esq.*
Samuel Pritchett**
Aliza Lewis**
ASU Sandra Day O'Connor College of Law
First Amendment Clinic, Public Interest Law Firm
111 E. Taylor Street, Mail Code 8820
Phoenix, AZ 85004
Gregg.Leslie@asu.edu
Aaron.Baumann@asu.edu
spritch2@asu.edu
ajlewi20@asu.edu
*Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
**Certified limited practice student pursuant to L.R. Civ. 83.4(e)
*Attorneys for Plaintiff Lucas Mullikin*

*/s/ Alma Duarte*