**ASU Sandra Day O'Connor College of Law**
**First Amendment Clinic, Public Interest Law Firm**
Gregg P. Leslie, Gregg.Leslie@asu.edu, (AZ Bar # 035040)
Aaron A. Baumann, Aaron.Baumann@asu.edu, (AZ Bar # 033754)
111 E Taylor St, Mail Code 8820
Phoenix, AZ 85004
(480) 727-7398
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucas Mullikin,<br><br>　　　　　　*Plaintiff;*<br>　　v.<br><br>City of Yuma;<br>James Baisch, in his personal capacity,<br><br>　　　　　　*Defendants.* | No. 2:25-cv-00637-ROS-JZB<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to this Court's April 17, 2025 Order (Doc. 14) and Federal Rule of Civil Procedure 26(f), the parties met and conferred on May 8, 2025 and respectfully submit this Joint Case Management Report ("Report").

**1. Rule 26(f) Conference Participants**

The following individuals participated in the May 8, 2025 Rule 26(f) meeting and jointly assisted in developing this Report:

　　On behalf of Plaintiff: Aaron Baumann and Gregg Leslie.

　　On behalf of Defendants: Derek Graffious and Melynda Meyrick.

**2. A Short Statement of the Case (3 pages or fewer), including a description of each claim and defense.**

1

<u>Plaintiff's Statement</u>:

On May 16, 2023, Lucas Mullikin ("Mullikin") recorded Yuma Police Department Officer Ryan Kinnell ("Officer Kinnell") detaining an individual on a public sidewalk. Officer James Baisch ("Officer Baisch") responded to the scene to assist Officer Kinnell. When Officer Baisch arrived, he immediately ordered Mullikin to "Get back." Mullikin replied, "It's six feet, it's six feet." Officer Baisch then grabbed Mullikin's wrist and upper arm and pushed him away, saying, "Get back, get back, get back."

Officer Baisch grabbed Mullikin's head, pushed him to the ground, and said, "Get on the ground." After pushing Mullikin onto his back, Officer Baisch said, "You stay there." Mullikin stood up and asked Officer Baisch for his badge number. Officer Baisch then arrested Mullikin for failing to comply with his order to stay on the ground. While arresting Mullikin, Officer Baisch grabbed Mullikin's arm and forced him to the ground. Officer Baisch cited Mullikin for resisting arrest (A.R.S. § 13-2508) and failing to comply with a lawful order of a police officer (Yuma City Code § 111-04).

<u>Claim One:</u> Officer Baisch unreasonably interfered with Mullikin's right to record matters of public interest and ask public officials questions about their offices.

<u>Claim Two:</u> Officer Baisch retaliated against Mullikin for recording matters of public interest and asking public officials questions about their offices.

<u>Claim Three:</u> The City of Yuma ("the City") maintained a practice or custom directing police officers to violate citizens' rights to record matters of public interest, ask public officials questions about their offices, or retaliate against citizens for the same; maintained policies inadequate to prevent violations of law by its police officers; and failed

to train police officers to handle the usual and recurring situations with which they must deal.

<u>Claim Four:</u> Officer Baisch used objectively unreasonable force against Mullikin.

<u>Claim Five:</u> Officer Baisch unreasonably seized Mullikin's person.

<u>Claim Six:</u> Officer Baisch arrested Mullikin without probable cause.

<u>Claim Seven:</u> The City maintained a practice or custom directing police officers to violate citizens' rights to be free from the use of excessive force, unlawful seizure, and arrest without probable cause; maintained policies inadequate to prevent violations of law by its police officers; and failed to train police officers to handle the usual and recurring situations with which they must deal.

<u>Defendants' Statement:</u>

This case arises out of Plaintiff's unlawful interference with a City of Yuma police officer's lawful arrest of a third party. On May 16, 2023, Officer Ryan Kinnell contacted a John Doe suspected of trespassing when Plaintiff and his girlfriend approached and began recording the interaction. As Officer Kinnell struggled with John Doe, he told Plaintiff and his girlfriend to back up multiple times. Plaintiff remained within arm's length of Officer Kinnell and John Doe. Officer James Baisch responded to the scene to assist Officer Kinnell. Upon arrival, Officer Baisch observed Plaintiff standing within arm's reach to Officer Kinnell and John Doe, so he commanded Plaintiff to back up. When Plaintiff failed to obey the command, Officer Baisch escorted him back. Officer Baisch then used reasonable force to guide Plaintiff to the ground and commanded him to "stay there." As Officer Baisch walked away, Plaintiff immediately got up and walked back toward the

scene—further disobeying lawful commands. As a result, Officer Baisch arrested Plaintiff. Plaintiff was cited for failing to obey a lawful order and resisting arrest.

Officer Baisch had probable cause to arrest Plaintiff. Probable cause is a complete defense to Plaintiff's First Amendment retaliation and Fourth Amendment false arrest claims. *See Nieves v. Bartlett*, 587 U.S. 391, 405 (2019); *Columbia v. Wesby*, 583 U.S. 48, 56 (2018). Furthermore, not every shove or push is a violation of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989) (internal citation omitted). Here, Officer Baisch used a reasonable amount of force under the totality of the circumstances. His use of force was therefore justified and privileged. *Id.*; *Scott v. Harris*, 550 U.S. 372 (2007). Officer Baisch's alleged seizure of Plaintiff was also objectively reasonable when weighed against the importance of the governmental interest Officer Baisch was acting to protect—the safety of John Doe and the other officers at the scene. *See Harris*, 550 U.S. at 383-84. Officer Baisch is also entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal law. *See Hunter v. Bryant*, 502 U.S. 224 (1991); *Saucier v. Katz*, 533 U.S. 194 (2001).

City of Yuma has no custom, policy, or practice within the City of Yuma Police Department to violate the constitutional rights of Plaintiff, or any individual. Plaintiff is also unable to present evidence of a "program-wide inadequacy" as to the training and supervision provided by the City of Yuma. All Yuma police officers are trained to perform their duties with respect for the constitutional rights of every person. The City is also not vicariously liable for the acts of its employees under any claim brought pursuant to 42 U.S.C. § 1983. *See Monell v. City of New York City Services*, 436 U.S. 658 (1978).

**3. A Description of the Principal Factual and Legal Disputes in the Case**

<u>Plaintiff</u>:

    a. Was Mullikin interfering with officers as he filmed an arrest from approximately six feet away, behind two sections of metal fence?

    b. Did Officer Baisch use reasonable force when he pushed Mullikin away, forced him to the ground, and arrested him?

    c. Did Mullikin at any point actively resist Officer Baisch's use of force?

    d. Did Officer Baisch have a lawful basis to detain Mullikin when he ordered Mullikin to stay on the ground?

    e. Was Officer Baisch's order that Mullikin stay on the ground a lawful order under Yuma City Code § 111-04?

    f. Did Officer Baisch have probable cause to arrest Mullikin?

    g. Is the City liable for Officer Baisch's conduct?

<u>Defendants</u>:

At this time, it appears all factual and legal issues are disputed. Defendants agree to periodically confer with Plaintiff, as the case progresses, about narrowing the issues by stipulation. Defendant disagrees with the characterization of Plaintiff's factual and legal disputes at issue, but acknowledges that these issues, including but not limited to the additional disputes below, need to be further developed by discovery.

    a. Whether the City is liable under *Monell* for alleged failure to train and supervise its officers.

b. Whether the City maintain a practice or custom directing officers to violate citizens' First Amendment rights.

c. Whether the City has constitutional policies, procedures, and practices relating to the supervision and training of police officers to protect citizens' Fourth Amendment rights to be free from excessive force, unlawful detainment, and arrests without probable cause?

d. Whether Plaintiff has put his medical and mental health records in dispute in this lawsuit, thus entitling Defendants to conduct discovery into Plaintiff's medical records.

e. Whether Officer Baisch is entitled to qualified immunity.

f. Whether Officer Baisch's use of force was objectively reasonable.

g. Whether probable cause existed to arrest Plaintiff.

h. Whether Plaintiff's constitutional rights were violated.

i. Whether Plaintiff interfered with YPD's arrest of John Doe.

j. Whether Plaintiff failed to obey lawful instructions.

k. Whether Plaintiff resisted arrest.

l. Whether Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

m. Whether the *Nieves* exception applies to Plaintiff's First Amendment retaliation claim.

n. Whether City of Yuma police officers typically exercise their discretion to not arrest individuals for violations of only Yuma City Code § 111-04.

  o. Whether Plaintiff is entitled to punitive damages against Officer Baisch.

**4. Jurisdictional Basis for the Case**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. The action arises under 42 U.S.C. § 1983 and the laws and Constitution of the United States. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

**5. Parties Not Served**

All parties have been served and filed an Answer (Doc. 12).

**6. Additional Parties and Amended Pleadings**

No parties anticipate adding additional parties or otherwise amending pleadings.

**7. A List of Contemplated Motions and a Statement of the Issues to be Decided by these motions (including motions under Rules 702, 703, 704, 705 of the Federal Rules of Evidence)**

<u>Plaintiff</u>: Plaintiff anticipates filing a motion for partial summary judgment at the close of discovery.

<u>Defendants</u>: Depending on information revealed through discovery, summary judgment motions may be filed in this matter as to liability, qualified immunity, and damages, including, but not limited to, the following:

- Whether Officer Baisch's use of force was objectively reasonable under *Graham v. Connor*, 490 U.S. 386 (1989) and whether probable cause existed to arrest Plaintiff;

- Whether Officer Baisch is entitled to qualified immunity for all of his actions alleged in this lawsuit. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009);

*Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015);

- Whether Plaintiff can establish the limited *Nieves* exception with respect to his First Amendment claim.
- Whether Defendant City of Yuma had a policy, practice, or custom requiring its employees to violate an individual's civil rights or a policy, practice, or custom of failing to train or supervise its officers.

Additionally, through discussions with Plaintiff's counsel, Defendants understand that Plaintiff intends to dismiss his claim for damages as he did not sustain any physical injuries or incur medical bills or treatment in connection with the subject arrest and alleged use of force. Defendants anticipate filing such stipulation with Plaintiff regarding the dismissal of any claim for damages related to physical injuries in the near future.

Moreover, the parties have not disclosed experts, thus it is premature to determine whether motions pursuant to Federal Rules of Evidence 702, 703, 704, and 705 will be warranted. However, given the claims alleged in this case, Defendants anticipate that motions under those Rules will be filed.

**8. Related Cases**

There are no related cases pending before other courts or other judges of this Court.

**9. Initial Disclosures**

The parties' initial disclosures under Federal Rule of Civil Procedure 26(a) will be exchanged by May 23, 2025.

**10. Necessary Discovery**

    a. <u>Extent, nature, and location of discovery anticipated by the parties</u>

<u>Plaintiff</u>: Plaintiff anticipates that he will serve written discovery on Defendants, will conduct a Federal Rule of Civil Procedure 30(b)(6) deposition of the City of Yuma, and will depose Officer Baisch and other employees of the City with relevant knowledge as disclosed by Defendants.

<u>Defendants</u>: Defendants anticipate that discovery will include testimonial, documentary, and tangible evidence, and to obtain such discovery the parties will conduct depositions, produce written discovery, including requests for admissions, requests for production, uniform and non-uniform interrogatories, and serve subpoenas duces tecum, as needed. Defendants anticipate deposing Plaintiff and Plaintiff's girlfriend at the time of his arrest. Defendants further anticipate the scope of discovery will be proportionally limited to obtain information relating to liability and damages in this matter. Additionally, Plaintiff has indicated he is not making a claim for medical damages and therefore his medical records have not been put at issue. Defendants disagree. Even if Plaintiff stipulates to dismiss his claim for medical damages, his medical records are still necessary to determine the extent of his alleged injuries as it pertains to his excessive force claim.

    b. <u>Suggested changes to discovery limitations</u>

At this time, the parties do not suggest any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

    c.  <u>Number of hours permitted for each deposition</u>

The parties agree that the 7-hour presumptive limit set forth in Federal Rule of Civil Procedure 30(d)(1) shall apply.

**11. Issues Related to Discovery of Electronically Stored Information ("ESI")**

The parties have not identified any issues relating to preservation, disclosure, or discovery of ESI thus far, and do not request any special orders regarding ESI at this time. The parties anticipate discovery will include the exchange of ESI, including emails and, possibly, text messages. The parties agree that documents shall be produced in Bates-labeled searchable PDF format via electronic means (USB drive, CD, file transfer protocol, etc.).

**12. Issues Related to Claims of Privilege or Work Product**

There are no known issues related to claims of privilege or work product.

**13. Proposed Deadlines**

    a.  Completion of fact discovery: February 13, 2026

    b.  Disclosure of expert testimony:

        i.  Plaintiff's Expert Disclosures: September 26, 2025

        ii.  Defendants' Expert Disclosures: October 31, 2025

        iii.  Rebuttal Expert Disclosures: December 5, 2025

    c.  Completion of expert depositions: February 13, 2026

    d.  Filing dispositive motions: March 27, 2026

    e.  Engage in good faith settlement talks: November 21, 2025

### 14. Jury Trial

All parties have requested a jury trial.

### 15. Estimated Length of Trial

The parties anticipate that a trial on the merits will take six full days.

### 16. The Prospects for Settlement and any request of the Court for assistance in settlement efforts, such as a request that the Court refer the matter to another magistrate judge for a settlement conference

<u>Plaintiff</u>: Plaintiff made a settlement demand to which he received no response or counter-offer. Plaintiff remains open to settlement discussions. Referral to a magistrate judge for a settlement conference will not be beneficial at this time.

<u>Defendant</u>: At present, no prospect of settlement exists. However, after discovery and dispositive motions, the parties may request a referral to a United States Magistrate Judge for a settlement conference.

### 17. Other Matters

At this time, no other matters will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner at this time.

RESPECTFULLY SUBMITTED this 22nd day of May, 2025.

**ASU Sandra Day O'Connor College of Law – First Amendment Clinic, Public Interest Law Firm**

By: /s/ Aaron Baumann
Gregg P. Leslie
Aaron A. Baumann
*Attorneys for Plaintiff*

**JONES, SKELTON & HOCHULI, P.L.C.**

By: /s/ Derek Graffious (with permission)
Michele Molinario
Derek R. Graffious
Melynda M. Meyrick
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2025, a copy of the foregoing Joint Case Management Report was filed electronically using the CM/ECF system. Notice of this filing will be sent via the CM/ECF system to the foregoing:

Michele Molinario
Derek R. Graffious
Melynda M. Meyrick
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
mmolinario@jshfirm.com
dgraffious@jshfirm.com
mmeyrick@jshfirm.com

Dated this 22nd day of May, 2025.

/s/Aaron Baumann