Michele Molinario, Bar #020594
Derek R. Graffious, Bar #033486
Ashley E. Caballero-Daltrey, Bar #036449
Melynda M. Meyrick, Bar #039695
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1746
Fax: (602) 200-7831
mmolinario@jshfirm.com
dgraffious@jshfirm.com
adaltrey@jshfirm.com
mmeyrick@jshfirm.com

Attorneys for Defendants City of Yuma
and James Baisch

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lucas Mullikin,<br><br>Plaintiff,<br><br>v.<br><br>City of Yuma; James Baisch, in his personal capacity,<br><br>Defendants. | No. 2:25-cv-00637-ROS-JZB<br><br>**DEFENDANTS' DAUBERT MOTION RE: ROGER CLARK** |

Defendants City of Yuma and Officer James Baisch move, pursuant to Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and Fed. R. Civ. P. 26 and 37 to exclude Plaintiff's rebuttal expert, Roger Clark, from providing opinions and testimony either in response to Defendants' concurrently-filed Motion for Summary Judgment or a trial because his opinions (1) are improper legal conclusions, (2) are not supported by the record, and (3) go beyond the proper scope of rebuttal opinions.

## I. MR. CLARK SHOULD BE EXCLUDED AS AN EXPERT WITNESS UNDER FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT*.

Under Rule 702, a qualified expert may testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony

is the product of reliable principles and methods; and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(a)–(d) (enumeration omitted). This Court acts as a gatekeeper to ensure that any expert testimony is relevant and reliable and meets the standards of Rule 702. *See also Daubert*, 509 U.S. at 589–93. Plaintiff has the burden to demonstrate that Mr. Clark's testimony meets these requirements by a preponderance of the evidence. Fed. R. Evid. 702.

Plaintiff disclosed Mr. Clark as a rebuttal expert to provide opinions "contrary to the November 21 expert opinion report of Mr. Robert Handy." [*See* **Ex. 1, Clark Report at 1**.] Mr. Clark's Report contains ultimate-issue testimony in the form of legal conclusions and opinions that are not supported by sufficient facts and data.

**A. <u>Mr. Clark Is Not Entitled To Provide Ultimate Opinion Testimony In the Form of Legal Conclusions.</u>**

"An expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting citation omitted). Similarly, instructing the jury as to the applicable law "is the distinct and exclusive province" of the court. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (cleaned up).

In the context of police cases, for example, courts have repeatedly and consistently held that it is improper for a witness to opine on the existence of probable cause. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 n. 11 (9th Cir. 2008) (holding that the district court abused its discretion when it denied a motion in limine seeking to preclude witnesses from testifying as to whether there was probable cause for an arrest); *Stuart v. United States*, 23 F.3d 1483, 1487 (9th Cir. 1994) (upholding district court's ruling to preclude plaintiff's expert witness from opining as to whether probable cause existed); *see also Quinn v. Fresno Cty. Sheriff*, No. 1:10-CV-01617 LJO, 2012 WL 2995477, at *4 (E.D. Cal. July 23, 2012 (collecting cases and quoting case explaining "an expert may offer his opinion as to the facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied" (cleaned up)). This Court has also excluded expert opinions that claim that a use of force was "objectively unreasonable" or that conclude

"that elements of specific legal claims are satisfied." *Krause v. County of Mohave*, 459 F. Supp. 3d 1258, 1264–65 (D. Ariz. 2020).

Here, Clark's opinions consist primarily of legal conclusions. He claims that "a city ordinance cannot trump the First Amendment;" [Ex. 1 at 21,] Plaintiff did not present "any credible threat whatsoever to justify physical force to arrest him;" [Ex. 1 at 21; *see also id.* at 22,] Officers did not protect Plaintiff's First Amendment rights; [*id.* at 22–23,] the City had a custom and practice of violating rights; [*id.* at 22–23, 24,] the City lacked constitutionally sufficient training, policies, or supervision of its officers; [*id.* at 11, 24,] Sgt. Angulo or other officers should have intervened, [*id.* at 23–24,][1] Officer Baisch's actions were contrary to the law; [*id.* at 11, 24, 25,] the force was "unnecessary and excessive;" [*id.* at 24,] that the City approved (or ratified) the conduct; [*id.* at 11, 24,] the public is "at unnecessary future risk of death and/or injury from Officer Baisch;" [*id.* at 24,] and that Officer Baisch acted negligently [*id.*].[2] Those opinions are legal conclusions directly claiming that Plaintiff has proven his excessive force, First Amendment, and *Monell* claims, as well as legal conclusions regarding several claims Plaintiff did not plead, including negligence, vicarious liability, and failure to intervene. Those opinions are all improper legal conclusions that attempt to instruct the jury on how to decide the case.

This Court recently excluded similar opinions by Mr. Clark. *See Singh v. City of Phoenix*, No. CV-21-00099-PHX-JJT, 2025 WL 1677569, at *7 (D. Ariz. June 13, 2025). It found that the phrase "as taught to all officers" is not sufficient to turn a clear legal conclusion into an admissible opinion. It also held, specifically, that "Mr. Clark may not testify that [the officers] themselves acted unreasonably, as such an assertion would not merely embrace an ultimate issue but would be functionally equivalent to a legal conclusion." *Id.* A statement is impermissible if it "encompasses a direct assertion that the Officers acted excessively and unreasonably in this case." *Id.* at *8. Mr. Clark's Report is flawed in the same ways that it was

---

[1] This opinion is also irrelevant. Plaintiff does not have a claim against Sgt. Angulo and he cannot base a *Monell* claim against an officer's failure to intervene, regardless.

[2] Moreover, Plaintiff did not plead any state-law negligence claims, and a § 1983 claim is not a claim that the officer acted negligently. And, as Arizona has recognized, a person cannot negligently inflict intentional force. *See Ryan v. Napier*, 245 Ariz. 54, 60 ¶ 20 (2018).

in *Singh*, as it is rife with legal conclusions. This Court should exclude Mr. Clark's ultimate issue testimony in the form of legal conclusions.

### B. **Mr. Clark's Opinions Are Not Based Upon Sufficient Facts and Data.**

Under Rule 702 "an expert must back up his opinion with specific facts." *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001) (cleaned up) (affirming exclusion of three experts whose opinions were not grounded in fact). If an expert's testimony is not based on sufficient facts, it should be excluded. *Id.* at 829–32. Mr. Clark's opinions are based on nothing more than sheer speculation, which is not reliable. *Daubert*, 509 U.S. at 590 (expert testimony must be based on "more than subjective belief or unsupported speculation"); *Rebel Oil Co. v. Atl. Richfield Co.,* 51 F.3d 1421, 1436 (9th Cir. 1995) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." (cleaned up)).

Mr. Clark's Report begins with a detailed rendition of his *interpretation* of how the events at issue unfolded, with sporadic comments (and stray, unnumbered opinions thrown in). Plaintiff cannot use Mr. Clark's rendition of the facts at issue in this case as a basis to preclude summary judgment or as a factual basis for Plaintiff's claims at trial. To allow him to do so would be to allow Mr. Clark to usurp the role of the factfinder, review the evidence, determine which evidence and testimony is credible, and to make ultimate conclusions on what claims have been satisfied. That is not the role of an expert. *See Krause*, 459 F. Supp. 3d at 1264–65; *Torres v. Johnson Lines*, 932 F.2d 748, 751 (9th Cir. 1991) (expert testimony properly excluded where record did not reveal "any specific evidence that was so technical or complex that a jury could not have grasped it without the aid of experts"); *Quinn*, 2012 WL 2995477, at *3 ("Weighing the credibility of witnesses and resolving factual matters is not outside the common ability or knowledge of a layperson; it is the precise role that the law assigns solely to a layperson as a juror."). Thus, to the extent Mr. Clark opines on how the events occurred or whether testimony is "consistent" with other facts in the record, he is directly and improperly invading the province of the jury.

In addition, many of Mr. Clark's conclusions and descriptions are simply not supported by the factual record:

- The YPD did not have any policies regarding recording or journalists from January 2013 until November 2023. [Ex. 1 at 11.] That is contrary to the record in this case. [*See* DSOF ¶¶ 75–80.][3]
- Mr. Clark speculates that Plaintiff was "too far away" to record Bermudez's arrest and that he was "unable to record important aspects of the officers' interactions" with Bermudez. [Ex. 1 at 9, 11.] The first statement is merely speculation, while the second is contrary to the record. The incident was captured on Plaintiff's video as well as Heap's video (and the body-worn cameras worn by the officers). No Officer ever told Plaintiff not to film, and Heap was able to film from her vantage point where she was not interfering with the officers. [*See* DSOF ¶¶ 68–69.]
- Plaintiff "did not delay to create more space." [Ex. 1 at 21.] The record shows that Plaintiff continually encroached in the Officers' space and interfered with the arrest. [*See, e.g.*, DSOF ¶¶ 13–14, 17, 36–37, 47.] He refused to back up when he was told. [*See id.*]
- Plaintiff "kept himself on the other side of the fence that created a physical barrier between himself and the arrest scene making it impossible for him to interfere and yet still be able to record." [Ex. 1 at 21.] The body-worn camera in this case shows that Plaintiff did not keep such a distance. [*See, e.g.*, DSOF ¶ 32.]
- That "nothing further whatsoever" other than a verbal command was required to arrest Plaintiff. [Ex. 1 at 22.] Officer Baisch attempted verbal commands, and Plaintiff did not comply. [*See* DSOF ¶¶ 36–37.] Plaintiff physically resisted his attempts to put him in handcuffs. [*See* DSOF ¶¶ 52–56.]
- Officer Baisch declared Plaintiff in violation of a city ordinance in response to a question. [Ex. 1 at 24.] Plaintiff did not ask Officer Baisch a question prior to his

[3] Defendants incorporate by reference Defendants' Separate Statement of Facts ("DSOF") in support of their Motion for Summary Judgment and its exhibits, filed contemporaneously with this Motion.

refusal to obey officer orders. [*See* DSOF ¶¶ 12–14, 36–38.] Instead, he refused to back up. [*See id.*] Then, once he was placed on the ground and told to "stay" he ignored that order and stood and approached Officer Baisch from behind. [*See* DSOF ¶¶ 45, 47.]

- Plaintiff "stood, wooden" and Officer Baisch "ran toward" him and "forced him to the ground." [Ex. 1 at 3, 24.] These assertions are all contrary to the record for the reasons discussed above.
- Officer Baisch submitted a false report. [Ex. 1 at 24–25.] There is no evidence that Officer Baisch's report was false. There is ample evidence in the record that Plaintiff refused to follow his orders, as described above. Further, as set forth below, credibility determinations are improper expert opinions. Mr. Clark's opinion that Officer Baisch submitted a "false" report is an improper credibility assessment that is not supported by the record.
- Officer Baisch's actions were contrary to YPD Policy. [Ex. 1 at 25.] Officer Baisch's actions were found to be within policy. [*See* DSOF ¶ 88.]

Additionally, Mr. Clark opines that the YPD's policies are not consistent with other standards and practices, but he does not opine *what* about them is deficient. [Ex. 1 at 23.] He also claims that the incident "does not reflect the standards and values of AZPOST." [*Id.*] Defendants do not dispute that an expert can testify regarding the sufficiency of policies or training consistent with their experience, but Mr. Clark's opinion fails to identify any deficiency and does not meaningfully assist the jury in any way. Defendants cannot address that opinion or explain whether it is consistent with the record because it is deficient. Moreover, Mr. Clark goes on to concede that he does not contest Officer Baisch's training record (therefore agreeing the YPD's training was sufficient). [*Id.*]

Mr. Clark's opinions also blatantly attempt to weigh evidence and credibility. For example, he states that Plaintiff's "obvious intention was to inquire," and that he was not "recalcitrant when ordered to back away." [Ex. 1 at 20–21.] Plaintiff's state of mind is not the basis of a proper expert opinion. Mr. Clark also states that some of his opinions are an issue

for the jury and that he would "change" his opinion if Mullikin ignored the order (which is in fact what happened here). [*Id.* at 21.] Thus, not only is this opinion contradicted by the record but, many of Mr. Clark's opinions state that they are issues for the jury—which is a legal argument that could be made by counsel. [*See also id* (discussing measurements).]

This Court should exclude Mr. Clark's attempts to review and restate the record, including his attempts to weigh testimony. Moreover, as set forth above, Mr. Clark's recitation of the facts is contrary to the record itself. Accordingly, Mr. Clark's opinions should be entirely excluded pursuant to Rule 702 and *Daubert*.

## II. <u>MR. CLARK'S OPINIONS GO BEYOND REBUTTAL.</u>[4]

In addition to the issues above, this Court should also exclude a number of Mr. Clark's opinions because they do not rebut Mr. Handy's opinions. Fed. R. Civ. P. 26(a)(2)(D)(ii) defines a proper expert rebuttal report as one that is "intended *solely* to contradict or rebut evidence on the same subject matter identified by another party." (Emphasis added). A Plaintiff is not entitled "to make an untimely disclosure of a liability expert by designating that person a rebuttal expert." *Flint Farms LLC v. Nationwide Agribusiness Ins. Co.*, No. CV-20-00091-PHX-DJH, 2021 WL 2661450, at *7 n.3 (D. Ariz. June 29, 2021). Where the report attempts to support Plaintiff's case-in-chief, it should be excluded. *Id.*; *see also Armer v. CSAA Gen. Ins. Co.*, No. CV-19-04402-PHX-DWL, 2020 WL 3078353, at *6 (D. Ariz. June 10, 2020) (collecting cases regarding same).

Where a witness for the plaintiff's case-in-chief is improperly disclosed as a "rebuttal" expert, the disclosure "must be considered untimely." *Armer*, 2020 WL 3078353, at *5. "Such an untimely disclosure, in turn, implicates Rule 37(c)(1), which provides that if a party fails to provide information as required by Rule 26(a) the party is not allowed to use that information at a trial, unless the failure was substantially justified or is harmless." *Id.* The burden is on the proponent of the late disclosed evidence to prove substantial justification and harmlessness. *Id.* at 7 (cleaned up); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

[4] Defendants previously indicated that they would address these issues in their *Daubert* Motion and Plaintiff agreed. [Doc. 47 (providing notice to the Court).]

1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

Here, numerous opinions go beyond the realm of rebuttal opinions. For example, in responding to Mr. Handy's Opinion 9 regarding the City of Yuma's training, Mr. Clark concludes that "This incident does not reflect the standards and values of AZPOST in my opinion." [Ex. 1 at 23.] That statement does not have anything to do with whether the YPD trains its officers consistent with the minimum requirements under AZPOST. The same is true of his response to Mr. Handy's Opinion 10 regarding Officer Baisch's specific training—Mr. Clark does not contest Officer Baisch's training but goes on to question Officer Baisch's *conduct*, which has nothing to do with the opinion to which he is responding. [*Id.* at 23–24.]

Mr. Clark also includes a number of "additional opinions in rebuttal" untethered to any specific opinion in Mr. Handy's Report. [*Id.* at 24.] Additional Opinion 2 involves failure to intervene. [*Id.*] Plaintiff did not plead a failure to intervene claim, and no part of Mr. Handy's opinions address the (potential) liability of other officers. Additional Opinion 3 involves the sufficiency of the City's use of force investigation, which Mr. Handy did not address. [*Id.*] Additional Opinion 5 claims Officer Baisch submitted a false report. [*Id.*] Plaintiff did not plead a claim based on an allegedly false report, and Mr. Handy did not address Officer Baisch's reporting. Additional Opinion 6 is an overarching opinion that states a legal conclusion and attempts to encapsulate Plaintiff's theory of the case. [*Id.*] It is not a specific rebuttal to any issue in Mr. Handy's Report.

Finally, as described above, Mr. Clark's recitation of the facts includes a number of opinions that are unrelated to his review of Mr. Handy's opinions.

These opinions are not rebuttal opinions, and Plaintiff cannot justify his failure to disclose those new opinions. The time for disclosure has passed and Defendants are prejudiced because they cannot obtain true rebuttal opinions regarding these newly disclosed opinions prior to filing their Motion for Summary Judgment.

Accordingly, this Court should exclude Mr. Clark's recitation of the facts and the opinions therein, his rebuttal opinions to Handy's Opinion 9 and 10, as well as Clark's Additional Opinions 2, 3, 5, and 6, as they all go beyond the scope of rebuttal opinions.

## III. CONCLUSION

Based on the foregoing, this Court should exclude Roger Clark from offering opinions or testimony in response to a dispositive motion or at trial. The issues in his testimony are so pervasive that it would be impossible to simply limit it rather than excluding him entirely; however, this Court could also issue an order outlining that Mr. Clark can not testify as explained above.

DATED this 27th day of March, 2026.

JONES, SKELTON & HOCHULI, P.L.C.

By */s/ Michele Molinario*
Michele Molinario
Derek R. Graffious
Ashley E. Caballero-Daltrey
Melynda M. Meyrick
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants City of Yuma and James Baisch

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Gregg P. Leslie, Esq.
Aaron A. Baumann, Esq.
ASU Sandra Day O'Connor College of Law
First Amendment Clinic, Public Interest Law Firm
111 E. Taylor Street, Mail Code 8820
Phoenix, AZ 85004
Gregg.Leslie@asu.edu
Aaron.Baumann@asu.edu
*Attorneys for Plaintiff Lucas Mullikin*

*/s/ Crystal Wong*