Michele Molinario, Bar #020594
Derek R. Graffious, Bar #033486
Ashley E. Caballero-Daltrey, Bar #036449
Melynda M. Meyrick, Bar #039695
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1746
Fax: (602) 200-7831
mmolinario@jshfirm.com
dgraffious@jshfirm.com
adaltrey@jshfirm.com
mmeyrick@jshfirm.com

Attorneys for Defendants City of Yuma
and James Baisch

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lucas Mullikin,<br><br>Plaintiff,<br><br>v.<br><br>City of Yuma; James Baisch, in his personal capacity,<br><br>Defendants. | No. 2:25-cv-00637-ROS-JZB<br><br>**DEFENDANTS CONTROVERTING STATEMENT OF FACTS IN RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants City of Yuma and Officer James Baisch submit this Controverting Statement of Facts ("DCSOF") pursuant to Fed. R. Civ. P. 56 and LRCiv. 56.1(b). Defendants have included only their objections to Plaintiff's statements. They incorporate by reference their separately filed Statement of Facts. [*See* Doc. 51.] The parties focus primarily on the same pieces of evidence, and as detailed below, the majority of Defendants' objections involve the characterization of that evidence, including Plaintiff's attempts to stretch the contents of the record beyond reasonable inference. Accordingly, there is no genuine issue of material fact that would preclude summary judgment for Defendants, but Plaintiff is not entitled to summary judgment on this record.

/ / /

/ / /

1. Admitted.[1] Defendants note for clarity of the record that Officer Kinnell's BWC states that it is 8:16 (not 8:15) at 00:30, but Plaintiff does not appear to use the specific time as part of his argument.

2. Admitted. Defendants note for clarity of the record that Plaintiff's citation to the record [Doc. 55, Ex. 1 at 1:30] depicts Plaintiff holding up his cellphone as if recording the interaction; however, it appears Plaintiff arrived on-scene in his vehicle prior to recording Officer Kinnell and was not recording at that time. [*See* Doc. 51, Ex. 8 at 00:35–1:05; Doc. 55, Ex. 2 at 93:22–94:11.]

3. Admitted.

4. Disputed in part. Officer Kinnell stated that Plaintiff was interfering with the investigation in response to Plaintiff's question, "Am I interfering with your investigation?" [*See* Doc. 55 Ex. 1 at 01:42–1:44.]

5. Disputed as to the sequence of the events. Plaintiff first told Officer Kinnell, "It's six feet, you know the law." [Doc. 55 Ex. 1 at 01:40–01:41.] After that, Plaintiff asked if he was interfering. [*See id.* at 01:42–1:44.] Plaintiff's statements have the correct timestamps, but put these actions out of order.

6. Admitted.

7. This fact is irrelevant to any issue raised in Plaintiff's Motion because Plaintiff does not argue that the bystander's presence has any relation to their claims. Additionally, the "third individual" was in fact the victim of the reported crime. [*See* DSOF ¶ 4.]

8. This fact states a legal conclusion because it references Plaintiff exercising his First Amendment rights. The fact leaves out the context of this interaction, including the fact that Officer Kinnell was struggling with a suspect. [*See* DSOF ¶ 9.]

/ / /

---

[1] Defendants admit these facts for the purposes of the motion for summary judgment briefing. *See Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at *3 (D. Ariz. Mar. 7, 2018) ("When reviewing the non-movant's separate controverting statement of facts, the Court therefore may disregard everything but the word 'admitted' or 'disputed,' and the corresponding references to the record.").

9. Disputed. The cited video clearly shows Mullikin stepping closer to Officer Kinnell and Bermudez right before Bermudez "fell back closer to Plaintiff." [Doc. 55, Ex. 4 at 00:01–00:03]. It is also clear from Officer Kinnell's BWC that Plaintiff had been moving closer to the in-progress arrest from the time Plaintiff began asking Officer Kinnell questions. [*See* Doc. 55, Ex. 1 at 01:51–2:30; *see also* DSOF ¶ 9.]

10. Admitted.

11. Disputed. The cited evidence does not show that Plaintiff complied. Video in the record shows that Plaintiff stepped in the opposite direction of where Officer Kinnell directed him to go. [*See* Doc. 55, Ex. 4, at 00:05–00:15.] He also walked in front of Officer Kinnell while Officer Kinnell was struggling with the trespassing suspect.

12. Disputed. The quoted material differs from the cited video. The quote is: "Why aren't you *calling* for backup? Why aren't you *having someone come over and help you* if *this is* a big deal?" (alterations showing differences from PSOF). [*See* Doc. 55, Ex. 3 at 01:22-01:27.]

13. Admitted. Defendants note for clarity of the record that Bermudez did not request someone to retrieve his hat and Plaintiff did not walk down the street to retrieve it. Bermudez stated "My hat please. My hat." Plaintiff walked down the sidewalk and retrieved Bermudez's hat. [Doc. 55, Ex. 3 at 01:34-01:50.]

14. Disputed. The record does not support Plaintiff's assertion that there was a "barrier of separation." Although the fence corner creates a 90-degree angle, the video plainly shows there is no real "separation" between Plaintiff and the ongoing arrest. The area where Officer Kinnell struggled with Bermudez was openly accessible to Plaintiff. [*See* Doc. 55, Ex. 1 at 03:35–03:55; Ex. 3, at 01:50–02:12.]

15. Admitted.

16. Disputed. This fact is not supported by the record because it omits important context. Plaintiff claims he "stepped further away from Kinnell and Bermudez." In the portion cited, it appears that Plaintiff perhaps takes a step back. [*See* Doc. 55, Ex. 3 at 02:00–02:10.] Plaintiff's description omits that although he may have taken one or two

small steps back, he then moved closer to Officer Kinnell. [*See also* DSOF ¶¶ 14–15 (explaining Plaintiff took a couple of small steps backwards but then moved closer to Officer Kinnell).]

17. Disputed to the extent that this statement suggests that Officer Baisch was blocking or attempting to block Plaintiff's recording, which is not supported by the record. [*Cf.* DSOF ¶¶ 29–32 (describing Officer Baisch's arrival on scene).].

18. Irrelevant. As discussed in Defendants' Response and their own Motion for Summary Judgment, the collective knowledge doctrine imputes knowledge between officers, and Officer Baisch was aware that Officer Kinnell was surrounded based on the 911 call. [*See* Doc. 58 at 8; *see also* DSOF ¶¶ 26–27.]

19. Admitted.

20. Disputed. The record lacks any evidence to support Plaintiff's self-serving estimations of the space between them. The cited videos do not provide a reasonable inference that Plaintiff was 6 feet away from Officer Baisch when Officer Baisch arrived on scene as Plaintiff is quite close to Officer Baisch. [*See* Doc. 55, Ex. 9, at 1:19–1:22; Ex. 5, at 01:47–01:51.] Moreover, this fact is irrelevant because Plaintiff does not remain a reasonable distance from the arrest scene and does not comply with the Officers' lawfully given commands. [*See, e.g.*, DSOF ¶¶ 14–17, 36–37, 41–43.]

21. Disputed. Officer Baisch's full testimony was that Mullikin was "looking all around. He wasn't paying attention to the scene that was going on in front of him. He had his phone held lower like was almost trying to hide the fact that he was recording. I thought that was odd." [Doc. 55, Ex. 6 at 182:14–19.]

22. Disputed. This statement is not supported by the record because it omits relevant and important context and Officer Baisch's further clarification. Officer Baisch's testimony regarding the scene as he immediately arrived was part of a changing situation. Officer Baisch explained why he believed the situation was unsafe. [DSOF ¶¶ 29–36.] Moreover, as discussed in Defendants' Response and Motion for Summary Judgment, the relevant legal doctrines are objective and not subjective tests.

23. Disputed. There is a short timeframe between when Officer Baisch arrives and when he tells Plaintiff to "get back" but hard to tell if it is exactly "one-and-a-half seconds" later. Additionally, Officer Baisch tells Plaintiff to "get back" twice and Mullikin responds, "It's six feet. It's six feet." [*See* DSOF ¶¶ 36–38 (describing this interaction).]

24. Irrelevant. As discussed in Defendants' Response and Motion for Summary Judgment, the relevant legal doctrines are objective and not subjective tests.

25. Disputed. This fact is not supported by the record, as it omits Officer Baisch's complete testimony regarding his reasons for commanding Plaintiff to move back. [DSOF ¶¶ 34–37 (discussing rationale).]

26. Disputed and argumentative. Plaintiff's statement does not explain what "forcefully" means in this situation. Defendants admit that Officer Baisch employed a low level of force (an escort) to move Plaintiff away from the scene. [DSOF ¶ 41.]

27. Admitted.

28. Irrelevant. Even if Officer Baisch could have taken some other action, there is no legal requirement that he needed to do so.

29. Irrelevant. The undisputed record shows that Plaintiff had not complied with Officers' commands during the interaction.

30. Disputed. The cited video demonstrates that Baisch gave Plaintiff more than one second to comply with the command.

31. Admitted.

32. Disputed. During the cited testimony, Officer Baisch was explaining why he thought he gave Plaintiff enough time to comply with his order to "get back." Baisch was not testifying as to why "he chose to use the amount of force that he did." [*See* Doc. 55, Ex. 6 at 187:7–19.] Furthermore, the quoted language of "not going to comply" was a question from counsel. [*See id.* ("Q: Meaning that by the time you went hands-on with Mr. Mullikin, you knew that he was not going to comply? A: Yes, sir.").]

/ / /

33. Disputed. There is no evidence that Plaintiff was "shoved backwards." Additionally, Plaintiff did not testify in his depo that he used the fence to stabilize himself and instead stated, "I remember getting up after my -- I was pushed to the ground and I was using that [the fence] to stabilize myself, but that's my only time I remember." [Doc. 55, Ex. 2 at 157:2–6]. The next questions were "So as you sit here today, your testimony is you did not grab that fence to stop Officer Baisch from escorting you backwords [*sic*]; correct?" Plaintiff, "I don't remember that, no. And, yeah, that's my testimony." [*Id.* at 157:7–11]. Furthermore, Mullikin testified, upon being shown Heap's Recording (which is also cited in this fact) that "[i]t would appear that [he] was holding on to the fence at that point" and when asked "Officer Baisch was kind of pulling at you to break your hold of the fence; is that correct?" Plaintiff testified, "Yeah, it would seem like it." [*Id.* at 233:5–11; *see also* DSOF ¶ 42 (discussing relevant testimony).]

34. Disputed. PSOF ¶ 34 is premised on PSOF ¶ 33. Because PSOF ¶ 33 inaccurately states the testimony for the reasons described above, PSOF ¶ 34 is similarly flawed. DSOF ¶ 49 discusses Officer Baisch's determination regarding probable cause.

35. Disputed. Plaintiff's characterization is not supported by the record. Exhibit 9 demonstrates that Officer Baisch removed Plaintiff from the fence and escorted him to the ground by attempting to take control of Plaintiff by placing his hands on Plaintiff's shoulder area, back of neck, and back of head to remove him from the fence and place him on the ground. [See Doc. 55, Ex. 9 at 01:30–32.]

36. Disputed as to timing. Plaintiff says "I have not done anything wrong" while he is on the ground but he does not say "it was six feet" while on the ground. He says "It's six feet" when he is escorted back and is still on his feet. [*See* Doc. 55, Ex. 5 at 01:55–02:05].

37. Admitted.

38. Admitted.

/ / /

/ / /

39. Irrelevant and misleading. It is undisputed that Plaintiff stood up, [*see* PSOF ¶ 38,] and the record shows that Officer Baisch noticed Plaintiff from his peripheral. [*See* DSOF ¶ 48.]

40. Admitted.

41. Irrelevant. The relevant legal tests involve the totality of the circumstances, as discussed in Defendants' Response and Motion for Summary Judgment.

42. Admitted.

43. Admitted.

44. Argumentative and vague. Plaintiff does not explain how Officer Baisch forced him to the ground. His statement is also irrelevant.

45. Admitted.

46. Defendants do not dispute the quoted material, but it sounds as if Officer Baisch made that statement. [Doc. 55, Ex. 5 at 02:26–02:29.] That statement is irrelevant to any issue in Plaintiff's Motion.

47. Disputed. The cited BWC shows Officer Baisch holding Plaintiff's wrist, not "removing" Plaintiff's phone from his hand. [*See* DSOF ¶ 58; *see also* Doc. 55, Ex. 5 at 02:29–02:37.]

48. Admitted.

49. Admitted.

50. Irrelevant. Plaintiff's subjective statement regarding the events do not change the facts as a reasonable officer would perceive them.

51. It is unclear what Plaintiff means by being "fully detained," but Defendants do not dispute that Plaintiff was arrested at that point of the interaction.

52. Admitted. Defendants note for the clarity of the record, however, that Plaintiff's Exhibit 8 is a copy of a police report that merely indicates that Plaintiff was cited and released for the crimes stated therein.

53. Admitted.

/ / /

54. Disputed. Chief Garrity testified that the directive was created in response to "people at the courthouse that were recording what was going on inside the courthouse and that the Yuma Police Department was asked to remove them." [Doc. 55, Ex. 10 at 13:3–6.] He further testified that his understanding of the policy was "To remind officers that people are legally allowed to record the police while they are doing their job. They are legally allowed to be, record in public buildings where it is public access, while also -- but the limits are that the police have to be able to do their job, or the government actually has to be, do their job and, while they have a right to film, they don't have a right to interfere." [*Id.* at 25:20–26:5.] Defendants discussed Chief Garrity's testimony regarding the directive in DSOF ¶ 75.

55. Disputed for the same reasons as DCSOF ¶ 54 above.

56. Admitted

57. Admitted. The cited testimony does not encompass Chief Garrity's response, but he did so testify.

58. Admitted. The cited testimony does not encompass Chief Garrity's response, but he did so testify.

59. Disputed. The statement is not a direct quotation from the cited transcript. Furthermore, at the cited testimony Chief Garrity does not testify that he reviewed "the incident and internal investigation." Instead, Chief Garrity responded "yes" when asked, "And is that consistent with your review of the use of force in the sense of that, that it was reasonable and within policy?" [Doc. 55, Ex. 10 at 181:7–14].

60. Admitted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED this 15th day of May, 2026.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Michele Molinario
Michele Molinario
Derek R. Graffious
Ashley E. Caballero-Daltrey
Melynda M. Meyrick
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants City of Yuma and James Baisch

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Gregg P. Leslie, Esq.
ASU Sandra Day O'Connor College of Law
First Amendment Clinic, Public Interest Law Firm
111 E. Taylor Street, Mail Code 8820
Phoenix, AZ 85004
Gregg.Leslie@asu.edu
*Attorney for Plaintiff Lucas Mullikin*

*/s/ Cindy Castro*



119995309.1